IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JEROME L. KINGERY,                              Case No. 3:14-cv-233

     Plaintiff,

vs.

COMMISSIONER OF                          Magistrate Judge Michael J. Newman
SOCIAL SECURITY,                            (Consent Case)

     Defendant.

---

## DECISION AND ENTRY: (1) AFFIRMING THE ALJ'S NON-DISABILITY FINDING AS SUPPORTED BY SUBSTANTIAL EVIDENCE; AND (2) TERMINATING THIS CASE ON THE COURT'S DOCKET

---

This Social Security disability benefits appeal is presently before the undersigned for disposition based upon the parties' consent. Doc. 5. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 13), the Commissioner's memorandum in opposition (doc. 15), Plaintiff's reply (doc. 17), the administrative record (doc. 7),[1] and the record as a whole.

I.

A.    **Procedural History**

Plaintiff filed for DIB alleging a disability onset date of December 23, 2009. PageID 168-76. Plaintiff claims disability as a result of a number of alleged impairments

---

[1] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

including, *inter alia*, a stroke. PageID 51.

After initial denials of his application, Plaintiff received a hearing before ALJ Elizabeth A. Motta. PageID 72-100. The ALJ issued a written decision on February 19, 2013 finding Plaintiff not disabled. PageID 49-58. Specifically, the ALJ's findings were as follows:

1.   The claimant last met the insured status requirements of the Social Security Act on December 31, 2009.

2.   The claimant did not engage in substantial gainful activity during the period from his alleged onset date of December 23, 2009 through his date last insured ["DLI"] of December 31, 2009 (20 CFR 404.1571 *et seq.*).

3.   Through the [DLI], the claimant had the following severe impairment: mild stroke (20 CFR 404.1520(c)).

4.   Through the [DLI], the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526).

5.   After careful consideration of the entire record, the undersigned finds that, through the [DLI], the claimant retained the residual functional capacity ["RFC"] to lift 50 pounds occasionally and 25 pounds frequently,[2] but he could not climb ladders, ropes, or scaffolds, and could not work around hazards, such as moving or dangerous machinery or at unprotected heights.

6.   Through the [DLI], the claimant was unable to perform any past relevant work (20 CFR 404.1565).

---

[2] The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 404.1567. Medium work "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." *Id*. § 404.1567(c). An individual who can perform medium work is presumed also able to perform light and sedentary work. *Id*. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." *Id*. § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id*. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id*. § 404.1567(a).

7.    The claimant was born [in] 1952 and was 57 years old, which is defined as an individual of advanced age, on the [DLI] (20 CFR 404.1563).

8.    The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9.    Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568).

10.   Through the [DLI], considering the claimant's age, education, work experience, and [RFC], there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569(a)).

11.   The claimant was not under a disability, as defined in the Social Security Act, at any time from December 23, 2009, the alleged onset date, through December 31, 2009, the [DLI] (20 CFR 404.1520(g)).

PageID 51-57.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 37-39. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

**B.    Evidence of Record**

In her decision, the ALJ set forth a detailed recitation of the underlying medical evidence in this case. PageID 51-56. Plaintiff, in his Statement of Errors, also summarizes the record evidence. Doc. 13 at PageID 776-86. The Commissioner, in response, defers to the ALJ's summary of relevant facts. Doc. 15 at PageID 811. Accordingly, except as otherwise noted here, the undersigned incorporates the ALJ's recitation of the evidence as well Plaintiff's summary of the evidentiary record.

## II.

### A.    Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria.  42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).   In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled.  *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).  Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009).  "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B.    "Disability" Defined

To be eligible for DIB benefits, a claimant must be under a "disability" as defined by the Social Security Act.  42 U.S.C. § 423(d)(1)(A).  Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe

4

enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin*, 475 F.3d at 730, the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F.Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is disabled under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In his Statement of Errors, Plaintiff argues that the ALJ erred: (1) in analyzing the medical evidence of record; (2) in formulating his RFC; and (3) by failing to direct a disability finding based upon an application of the Medical-Vocational Guidelines ("Grid"), 20 C.F.R. Part 404, Subpart P, Appendix 2. Doc. 13 at PageID 787-96. Having reviewed the administrative record and the parties' briefs, and also having carefully considered the ALJ's decision, the Court

finds that the ALJ carefully reviewed the record and appropriately assessed the evidence, properly determined Plaintiff's RFC, and reasonably concluded that the Grid did not result in a disability finding. The Court, therefore, finds the ALJ's analysis supported by substantial evidence.

### A.     Medical Evidence

Plaintiff first argues that the ALJ "failed to evaluate evidence of an ongoing vascular deficiency" from after his DLI. Doc. 13 at PageID 792-95. In order to qualify for DIB, a claimant must "establish the onset of disability *prior* to the expiration or his [or her] insured status." *Garner v. Heckler*, 745 F.2d 383, 390 (6th Cir. 1984) (citation omitted) (emphasis in original). "Evidence of disability obtained after the expiration of insured status is generally of little probative value." *Strong v. Soc. Sec. Admin*., 88 F. App'x 841, 845 (6th Cir. 2004) (citation omitted). To be relevant to the disability decision, "[p]ost-expiration evidence must relate back to the claimant's condition prior to the expiration of her date last insured." *Wirth v. Comm'r of Soc. Sec.,* 87 F. App'x 478, 480 (6th Cir. 2003) (citing *King v. Sec'y of Health & Human Servs*., 896 F.2d 204, 205–06 (6th Cir. 1990)).

The Court finds that the ALJ properly focused her inquiry on the time period between Plaintiff's alleged disability onset date and DLI, *i.e.*, December 23-31, 2009. The ALJ noted that Plaintiff suffered a mild stroke on December 23, 2009, and presented to the hospital with numbness, double vision, vertigo, and balance issues. PageID 51, 505. However, by discharge the next day, Plaintiff's "symptoms had almost completely resolved." *Id.* During a follow-up

visit, on January 22, 2010, Plaintiff's treating physician, Robert Kneisley, M.D., stated that Plaintiff "recovered almost 100% from a small CVA."[3] PageID 51-52, 318.

The ALJ also reviewed medical evidence following Plaintiff's DLI, and properly considered whether it "illuminate[d Plaintiff's] health before that date." *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (citation omitted). In February 2010, Plaintiff complained to Dr. Kneisley of respiratory symptoms, and was admitted to the hospital for a pulmonary embolism, purportedly due to deep vein thrombosis ("DVT"). PageID 52, 319. The ALJ noted that pulmonary function studies performed in March 2010 were normal, and that there was no evidence supporting the existence of DVT prior to Plaintiff's February 2010 hospital admission. PageID 52. The ALJ also acknowledged "deterioration of [Plaintiff's] condition, including a venous ablation procedure in late 2010," but found no indication of functional limitations related to this condition prior to Plaintiff's DLI. *Id.*

Finally, no medical source opined that Plaintiff is disabled or has any work-related limitations, let alone that he had such limitations prior to December 31, 2009. Two record reviewing physicians opined in October 2011 and February 2012 that there was "insufficient evidence" of Plaintiff's impairments prior to his DLI. PageID 104, 112-13. Notably, despite the post-DLI evidence discussed above -- indicating a worsening of Plaintiff's condition -- Dr. Kneisley opined in November 2011 that Plaintiff could work. PageID 308-10.

Accordingly, because Plaintiff's "post-[DLI] evidence does not contain any indication that [he] is disabled or that any of [his] conditions necessarily arose during [his] insured period" -- except for Plaintiff's December 2009 stroke, from which he was "almost 100%" recovered less

---

[3] "CVA" is another word for a stroke. MedlinePlus, U.S. National Library of Medicine, Medical Encyclopedia - Stroke, http://www.nlm.nih.gov/medlineplus/ency/article/000726.htm (last visited Aug. 17, 2015).

than a month later, PageID 318 -- the Court finds the ALJ's decision supported by substantial evidence. *Wirth*, 87 F. App'x at 480. Thus, Plaintiff's first assignment of error is overruled.

### B. RFC Determination

Plaintiff next argues that the ALJ's RFC determination is unsupported by substantial evidence. Doc. 13 at PageID 793-95. Specifically, Plaintiff claims that the ALJ failed to account for limitations related to his leg condition which arose as early as 2007 and 2008, *i.e.,* before his alleged onset date of December 23, 2009. *Id.* at PageID 787-90, 793-95.

A person's RFC is the most that an individual can do despite all physical and mental limitations. 20 C.F.R. § 404.1545(a)(1). An ALJ determines a claimant's RFC "based on all the relevant evidence in [the claimant's] case record," including statements about what the claimant can do "provided by medical sources" and "descriptions and observations of [the claimant's] limitations from [his or her] impairment(s), including limitations that result from [the claimant's] symptoms, such as pain, provided by [his or her] family, neighbors, friends, or other persons." 20 C.F.R. § 404.1545(a)(3).

As noted, the ALJ found Plaintiff retained the RFC to:

> lift 50 pounds occasionally and 25 pounds frequently, but he could not climb ladders, ropes, or scaffolds, and could not work around hazards, such as moving or dangerous machinery or at unprotected heights.

PageID 53. The Court finds no error in the ALJ's RFC determination. First, while the ALJ stated that Plaintiff has a history of varicose veins, she noted that Dr. Kneisley's records "do not contain complaints, let alone objective or clinical findings, consistent with functional limitations [arising from or pertaining to this condition] at any time through [Plaintiff's DLI.]" PageID 54. Indeed, Plaintiff admits that he did not seek medical assistance for his leg condition at any time prior to his DLI, and does not argue that the ALJ overlooked an explanation for his failure to

seek treatment.  *See* doc. 13 at PageID 788; PageID 517-18 (detailing treatment unrelated to Plaintiff's leg condition in June 2009).  It was proper for the ALJ to consider the lack of relevant complaints and treatment in assessing Plaintiff's allegations of leg pain and other leg-related concerns.  *See Strong,* 88 F. App'x at 846.  Second, as previously noted, no doctor -- including those who treated Plaintiff for his leg conditions after his DLI -- has opined that Plaintiff experienced functional limitations as a result of such conditions.  *See supra*; *see also* PageID 104, 112-13, 308-10.

Accordingly, substantial evidence supports the ALJ's RFC determination, including her assessment of the pre-alleged onset date evidence.  *See Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) ("[e]ven if there is substantial evidence in the record that would have supported an opposite conclusion[,]" the Court must give deference to the ALJ's decision if it is supported by substantial evidence).

### C.     The Grid

Finally, Plaintiff argues that proper application of the Grid[4] directs a finding of disability in his favor.  Doc. 13 at PageID 795-96.  Specifically, Plaintiff points to Grid Rules 201.04 and 202.04, and argues that because he was an individual of "advanced age," *i.e.,* over 55 years old as of his DLI, he is disabled if restricted to sedentary or light work.  *Id; see* 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 201.04 and 202.04.  Plaintiff's argument rests on the premise that the ALJ improperly determined his RFC; specifically, that he should have been found restricted to sedentary or light work, and not medium work (with further non-exertional limitations), as found by the ALJ.  *See* PageID 53; 20 C.F.R. § 1567(c).  If the ALJ had so erred, Plaintiff would

---

[4] The ALJ considers the Grid "in the fifth and final stage of the disability determination, after it has been determined that the claimant has not met the requirements of a listed impairment but is nevertheless incapable of performing past relevant work." *Abbott v. Sullivan*, 905 F.2d 918, 926 (6th Cir. 1990).  The Grid considers the vocational factors of age, education, work experience, and maximum sustained work capability.  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 200.00(a).

potentially be entitled to a finding of disability under the Grid. *See* 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 201.04 and 202.04. However, the Court previously found the ALJ's RFC determination supported by substantial evidence, *see supra*, and, therefore, finds no merit to Plaintiff's final alleged error.[5]

**IV.**

For the foregoing reasons, the Court finds Plaintiff's assignments of error unmeritorious, and further finds the ALJ's non-disability determination supported by substantial evidence. Accordingly:

1.      The Commissioner's non-disability finding is **AFFIRMED**; and

2.      This case is **TERMINATED** on the Court's docket.

**IT IS SO ORDERED**.


Date:  September 14, 2015                          *Michael J. Newman*
                                                   Michael J. Newman
                                                   United States Magistrate Judge

---

[5] To the extent Plaintiff claims that the ALJ erred in rejecting a December 2012 functional capacity evaluation ("FCE") performed by David Balsman, P.T. -- concluding that Plaintiff is limited to sedentary work -- the Court finds no error in this regard. *See* doc. 13 at PageID 796; PageID 743-53. This opinion, from a non-acceptable medical source, is from almost three years after Plaintiff's DLI, and does not purport to relate back to the relevant time period. PageID 743; *see* 20 C.F.R. § 404.1513(a). It is, therefore, irrelevant to the disability determination. *Strong*, 88 F. App'x at 845; *Wirth*, 87 F. App'x at 480.